(103 So. 68)

## Ex parte STATE ex rel. SHIRLEY. (6 Div. 718.)

(Court of Appeals of Alabama. Feb. 3, 1925.)

1. Courts ⚖➔207(4)—Mandamus held properly issued, though prisoner charged with murder in first degree.

Court of Appeals had jurisdiction to issue writ of mandamus compelling judge to set aside an order directing prisoner's return from county jail located in another division, though prisoner was charged with murder in first degree in view of Code 1923, § 7309; court's jurisdiction in felony cases being fixed by "punishment fixed," and not by charge made.

2. Habeas corpus ⚖➔113(3)—Appeal will not lie from order entered in habeas corpus case unless provided by statute.

As remedy by appeal is purely statutory, if an appeal from an order entered in a habeas corpus case is not so provided, appeal will not lie.

3. Mandamus ⚖➔3(1)—Held properly applied for by sheriff to compel judge to set aside order directing return of prisoner from county jail located in another division.

Mandamus was proper remedy for sheriff to compel circuit judge to set aside an order on habeas corpus, directing him to return a prisoner from a county jail located in another division, the remedy by appeal formerly provided by Code 1907, § 6245, no longer existing under Code 1923, §§ 3238, 8980, since the remedy by certiorari is inadequate, and writ of error will not lie, the order being by judge and not the judgment of a court of record.

4. Mandamus ⚖➔14(1)—Motion to vacate habeas corpus order or showing of futility prerequisite to mandamus.

To entitle a relator to mandamus to compel a judge to set aside an order on habeas corpus, it must appear that application had first been made to trial judge to vacate order or show state of facts from which refusal can be conclusively implied.

5. Mandamus ⚖➔14(1)—Useless application to judge for annulment of order not prerequisite to application for mandamus.

Motion to set aside an order on habeas corpus *held* not prerequisite to application for mandamus to compel judge to vacate order, where it was shown that question was fully tried on habeas corpus and such motion would have been useless.

6. Habeas corpus ⚖➔49—Question as to proximity of judge issuing writ waived on appearance of respondent and submission to jurisdiction.

While petition for habeas corpus must be addressed to nearest circuit or probate judge of county, in view of Code 1923, § 4310, all

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 62.

circuit judges have power to issue writs of habeas corpus, and, when a respondent appears in answer to writ and submits himself and his defense without raising question, he waives question of proximity of judge issuing writ.

**7. Prisons ⬥1—Order directing sheriff to return prisoner to county jail at Bessemer held an order to confine prisoner in prison designated by law.**

Order, directing sheriff of Jefferson county to return prisoner charged with murder within jurisdiction of Bessemer division of circuit court of Jefferson county from county jail at Birmingham to county jail at Bessemer, was an order to sheriff to confine prisoner in a prison designated by law in view of Acts 1915, p. 549, §§ 2, 5, 8, and page 545, disclosing a legislative intention to establish Bessemer as a separate territorial jurisdiction, and sheriff's authority over jail inmates within such territory being delimited by Code 1923, §§ 4801, 4802, 4810, 4811, 4814–4816, 4843, et seq.

Application of the State of Alabama, on the relation of T. J. Shirley, for mandamus to Hon. J. C. B. Gwin, as Judge of the Circuit Court of Jefferson County, Bessemer Division. Writ denied.

Black & Harris, of Birmingham, and Ben G. Perry, Deputy Sol., of Bessemer, for petitioner.

Courts are without jurisdiction to interfere with or control an executive officer in the performance of a duty executive or administrative in character. Const. 1901, §§ 42, 43, 112; 12 C. J. 894; Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; Kendall v. U. S., 12 Pet. 524, 9 L. Ed. 1181; Decatur v. Paulding, 14 Pet. 497, 599, Appx., 10 L. Ed. 559, 609; Brashear v. Mason, 6 How. 92, 12 L. Ed. 357; Reeside v. Walker, 11 How. 272, 13 L. Ed. 693; Comm. of Patents v. Whiteley, 71 U. S. (4 Wall.) 522, 18 L. Ed. 335; Litchfield v. Register & Receiver, 76 U. S. (9 Wall.) 575, 19 L. Ed. 681; U. S. ex rel. Dunlap v. Black, 128 U. S. 40, 9 S. Ct. 12, 32 L. Ed. 354; U. S. v. Windom, 137 U. S. 636, 11 S. Ct. 197, 34 L. Ed. 811; H. R. T. Co. v. Hawaii, 211 U. S. 282, 29 S. Ct. 55, 53 L. Ed. 186; Int. Comm. Comm. v. I. C. R., 215 U. S. 452, 30 S. Ct. 155, 54 L. Ed. 280; Vinson v. State, 16 Ala. App. 536, 79 So. 316; Dodd v. Comm. Court, 203 Ala. 271, 82 So. 521; Ala. Pub. Service Comm. v. L. & N., 206 Ala. 326, 89 So. 524; Bouchelle v. State Highway Comm., 211 Ala. 474, 100 So. 884. The sheriff is a member of the executive department. Ex parte Screws, 49 Ala. 57; Scott v. Strobach, 49 Ala. 477; Code 1923, § 4801. Mandamus is the only available remedy. Burr v. Foster, 132 Ala. 41, 31 So. 495.

Goodwyn & Ross, of Bessemer, for respondent.

The appellate court is without jurisdiction in this matter. Code 1923, §§ 7309, 7312. Application to vacate must first have been made to the respondent. Ex parte Edwards, 123 Ala. 102, 26 So. 643; Comm. Court v. State ex rel. Tuscaloosa, 180 Ala. 479, 61 So. 431. When no appeal is provided, certiorari is the proper remedy. Lamar v. Comm. Court, 21 Ala. 772; Camden v. Bloch, 65 Ala. 236; Stanfill v. Court of County Rev., 80 Ala. 287. Mandamus will not issue to revise the judgment of the trial court. Ex parte Smith, 168 Ala. 179, 52 So. 895; Townley v. Burgin, 14 Ala. App. 557, 69 So. 591; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820; Ex parte Campbell, 130 Ala. 171, 30 So. 385. The sheriff was without authority to transfer the prisoner. Acts 1915, p. 549; Acts 1919, p. 62; Code 1923, §§ 4810–4816.

SAMFORD, J. [1] It is insisted on the part of appellee that this court is without jurisdiction to issue the writ in this case, because the prisoner who is the subject of the writ stands charged with murder in the first degree. A sufficient answer to this contention would be that the jurisdiction of this court in felony cases is fixed by the "punishment fixed" by judgment of a court of competent jurisdiction and not by the charge being made, either by affidavit or indictment. Code 1923, § 7309. This court has consistently taken jurisdiction in habeas corpus cases where prisoners confined on charges of murder in the first degree have applied for and been denied or granted bail. This is no longer an open question. Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; Phelps v. McLeod, 17 Ala. App. 480, 86 So. 150; Ex parte Robertson, post, p. 514, 104 So. 561.

The petition in this case is for a writ to compel Hon. J. C. B. Gwin, judge of the Tenth judicial circuit, Bessemer division, to vacate and annul an order issued by him on December 11, 1924, directed to T. J. Shirley as sheriff of Jefferson county, and J. I. Reeder as his deputy, and commanding the return of the person of George E. Edwards, a prisoner charged with murder within the jurisdiction of the Bessemer division of the circuit court of Jefferson county, from the county jail of the county located at Birmingham to the county jail at Bessemer.

The order sought here to be annulled was entered on December 11, 1924, after hearing on a petition for habeas corpus instituted by the prisoner Edwards alleging his illegal removal from the Bessemer jail and his confinement by Shirley as sheriff in the Birmingham jail. On the same day of the entering of the order, Shirley, as sheriff, complied with the order and returned Edwards to the Bessemer jail, where he now is. It is admitted that no formal demand or request has been

made on Judge Gwin to set aside or annul the order above referred to.

[2, 3] The remedy by appeal is purely statutory, and if an appeal from an order entered in a habeas corpus case is not so provided, appeal will not lie. In section 6245, Code 1907, it was provided:

"Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the Supreme Court" (or Court of Appeals).

In the Code of 1923, § 3238, this clause is now omitted, and the remedy by appeal is limited to the state in certain cases therein specified. Nor does the statute Code 1923, § 8980, granting appeals from final judgments in proceedings for extraordinary remedies, give the right of appeal from an order of a judge in granting or denying the writ in habeas corpus. Ex parte Montgomery City Council, 64 Ala. 463; 29 Corpus Juris, p. 183.

Shirley as sheriff, etc., was the party to whom the writ was addressed, and as such was to all intents and purposes the defendant in the proceeding. 29 Corpus Juris, 139 (152). But, the order being an order of the circuit judge and not the judgment of a court of record, writ of error will not lie. Taylor v. Powers, 3 Ala. 285. And the common-law writ of certiorari being limited to errors appearing on the record, neither involving conclusions of facts or the manner in which discretion has been exercised, is not considered an adequate remedy in this case. Stanfill v. Court of Co. Rev., etc., 80 Ala. 287.

Relator therefore pursued the proper remedy in applying for the writ of mandamus. Ex parte Tower Mfg. Co. et al., 103 Ala. 415, 15 So. 836; Brazel v. New So. Coal Co., 131 Ala. 416, 30 So. 832; Ex parte Garland, 42 Ala. 559.

[4, 5] However, to entitle a relator to a writ of mandamus to compel a judge to set aside an order, it must be made to appear that application had first been made to the trial judge to vacate the order, which is sought to be vacated by the writ of mandamus, or to show such a state of facts from which a refusal can be conclusively implied. This rule is thoroughly discussed and many authorities are cited and quoted from in Mosely v. Collins et al., 133 Ala. 326, 32 So. 131. See, also, Ex parte Edwards, 123 Ala. 102, 26 So. 643; Herbert v. Board of Education, 197 Ala. 617, 73 So. 321. In this case it appears that this whole question had been presented and tested on pleadings and proof before the respondent and the making of the order resisted by this relator, all of which is fully set forth in the petition. It would therefore appear that further application to respondent for an annulment of the order would have been vain and useless.

[6] While it is undoubtedly true that, when a party is confined in jail under a criminal charge, a petition for habeas corpus must be addressed to the nearest circuit judge or to the probate judge of the county (Code 1923, § 4310), all circuit judges within the state have the power to issue writs of habeas corpus, and when a respondent to a writ appears in answer to the writ and submits himself and his defense without raising the question, he waives the question of the proximity of the judge issuing the writ.

[7] The main question at issue is the authority of the sheriff of Jefferson county, respecting the custody and control of prisoners held by him as sheriff. To determine this we must first consider an act of the Legislature approved September 16, 1915 (Acts 1915, p. 549), providing for separate county officers and making a division of territory as to certain public business in counties of more than 150,000 population. The pertinent parts of said act are herein set out:

"Sec. 2. That all business pertaining to the respective county offices and officers of such counties that arises within the territory within which the cases arising therein may be tried in the circuit court or court of like jurisdiction, held at a place other than at the county site of such counties, shall be transacted at such offices by such officers at such place of holding the court, and all records made thereat shall be kept there, and not elsewhere."

Section 5 of the act provides for the appointment of a chief deputy sheriff in charge of the sheriff's office, requiring him to be a resident of the Bessemer jurisdiction and requiring him to make bond, and giving him authority to perform all acts that the sheriff could perform except such as are "strictly and exclusively nondelegable."

That the Legislature intended that all business arising within the jurisdiction of the Bessemer court should be transacted at the Bessemer offices is further shown by the positive and explicit declarations of section 8 of the same act, which section reads as follows:

"Sec. 8. The purpose of this act is declared to be to provide fully for the transaction of all business pertaining to the respective county offices and officers of such counties that arises within the territory within which the cases arising therein may be tried in such circuit court or court of like jurisdiction held at such place other than at the county site to be transacted at such place of holding court, and not at the county site of such counties. It is further declared to be the purpose of this act to provide, in all counties of the population affected by this act, or that may, hereafter, have such population, according to the federal census as provided for herein as to fall within its influence, when there is in such county a circuit court or court of like jurisdiction authorized to be held at such place other than at the county site, all of the conveniences of the county offices and officers of counties at such place, to transact all the business pertaining to such offices and officers that arises within the territory from which cases that may be tried by such courts at such place, and for such business transacted by such offi-

cers in offices provided for at such place, and this act is intended to become effective as to all· counties that may hereafter come up to the requirements of this act. This act shall be liberally construed so as to effect its purpose."

The Legislature not only provided in the foregoing bill that all business arising within the Bessemer jurisdiction should be transacted in the branch office at Bessemer, but it further showed its intention in this connection by providing for the establishment of a jail at Bessemer for the incarceration of prisoners charged with offenses arising within said jurisdiction. Acts 1915, p. 545.

The said provision of said act being as follows:

" * * * Commissioners or boards of revenue of such counties are hereby authorized directed and required to erect a court house and jail at each of such places where such court is held such court houses and jails to be adequate and commodious for the business of such court and county at such place, provided the construction of no courthouse under the next preceding clause hereof, shall be required hereby to be begun prior to July 1, 1917, but this section shall not affect in any wise any local law heretofore enacted that is not in conflict herewith."

It is clear to us that it was the intention of the Legislature, as to the matters therein provided, to establish a separate territorial jurisdiction in the counties named. Such is the territory in which is Bessemer in Jefferson county.

The sheriff has the legal custody and charge of the jail (or jails) in his county and all prisoners committed thereto. Code 1923, § 4801. Under the various statutes governing in such matters, he has the control of the prisoners; but except in the case of emergency, as provided by Code 1923, § 4810, the sheriff has no authority to remove a prisoner from the jail or from one jurisdiction to another. Such removals can only be made under the supervisory order of a circuit judge. Code 1923, §§ 4811, 4814, 4815, 4816. Even the custody of prisoners in jail is not in the sheriff without supervision by officers provided by law. Code 1923, § 4843 et seq.

The purpose of a jail is to serve the territory in which it is located, for the detention of prisoners authorized to be confined therein by section 4802 of the Code of 1923, and the authority of the sheriff over such inmates is only within that territory except in certain cases specifically provided by statute.

· The order of Judge Gwin in no wise interfered with an executive officer in the discharge of his duty, but was an order to the sheriff to confine the prisoner in a prison designated by law.

The writ is denied.