(108 So. 61)

## TILLMAN v. WALTERS.   (3 Div. 508.)

(Court of Appeals of Alabama.   June 30, 1925. Rehearing Denied Aug. 4, 1925.   On Mandate Jan. 12, 1926.   Rehearing Denied Jan. 26, 1926.)

1. **Habeas corpus** ⊚⇒113(3)—**No appeal lies from order denying writ of habeas corpus for custody of child, not being provided for by statute (Code 1907, § 6245; Code 1923, §§ 3238, 8980).**

Appeal is purely statutory remedy, and will not lie from order denying writ of habeas corpus for custody of child, no appeal being provided for by Code 1923, § 3238, omitting provision therefor in Code 1907, § 6245, nor by Code 1923, § 8980, granting appeals from final judgments in proceedings for extraordinary remedies.

*On Hearing after Opinion of Supreme Court on Certiorari.*

2. **Parent and child** ⊚⇒2(3).

Rights of parties as to custody of child are secondary to child's welfare.

3. **Parent and child** ⊚⇒2(2).

Other things being equal, minor's relatives will be preferred to strangers in granting custody.

4. **Parent and child** ⊚⇒2(4)—**Judgment respecting custody does not have effect of jury's verdict, where court took erroneous view of law as applied to facts, as in failing to give due consideration to blood relationship.**

Rule that trial court's judgment respecting custody of child has effect of jury's verdict on review does not apply, where court took erroneous view of law as applied to facts, as in failing to give due consideration to blood relationship.

5. **Parent and child** ⊚⇒2(2)—**Grandfather with family of three held entitled to custody of six year old boy as against stepfather with family of eight.**

One whose family consisted of his wife and two children *held* entitled to custody of his six year old grandson as against latter's stepfather, whose family consisted of his invalid mother and seven children, of whom four were by other wives than mother of such grandson.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition of Lisbon Tillman for habeas corpus to Elijah Walters for custody of a child. From a judgment denying the writ, petitioner appeals. Reversed and rendered after mandate.

Certiorari granted by Supreme Court in Tillman v. Walters, 108 So. 62, 214 Ala. 71; certiorari denied by Supreme Court in Tillman v. Walters, 108 So. 67, 214 Ala. 76.

John S. Tilley and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

All things being equal, a blood relative of a child should be preferred as its custodian *to a stranger in blood.* Murphree v. Hanson, 72 So. 437, 197 Ala. 246. The rule of presumption in favor of the correctness of the finding of the trial court is without application here. Murphree v. Hanson, supra. General superintendence and control over inferior tribunals is vested by the Constitution in the Supreme Court, which cannot be taken away by the Legislature. The general statute relating to appeals applies to this case. Const. 1901, § 140.

L. A. Sanderson and Thos. B. Hill, Jr., both of Montgomery, for appellee.

The decision of the trial judge in this case has the weight of a jury verdict, and will not be disturbed, unless plainly and palpably erroneous. Black v. Montgomery, 84 So. 308, 17 Ala. App. 245; Cook v. Echols, 80 So. 680, 16 Ala. App. 606. Having regard for the family ties, the best interest of the child dictated that its custody remain in the stepfather. Lindsey v. Brown, 93 So. 209, 18 Ala. App. 568; Phelps v. McLeod, 86 So. 150, 17 Ala. App. 480. The remedy by appeal is purely statutory; no appeal is provided for in this case.

RICE, J. [1] The remedy by appeal is purely statutory, and if an appeal from an order entered in a habeas corpus case is not so provided, it will not lie. In section 6245, Code 1907, it was provided:

"Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the Supreme Court" (or Court of Appeals).

In the Code of 1923, § 3238, this clause is now omitted, and the remedy by appeal in habeas corpus proceedings is limited to the state in certain cases therein specified. Nor does the statute (Code 1923, § 8980), granting appeals from final judgments in proceedings for extraordinary remedies, give the right of appeal from an order of a judge in granting or denying the writ in habeas corpus. Ex parte State ex rel. Shirley, 103 So. 68, 20 Ala. App. 473.

The appellant here is undertaking to prosecute an appeal from an order of the circuit judge of Montgomery county denying the relief sought by his petition for writ of habeas corpus directed to appellee in the matter of the custody of a minor. There being no authority of law for such appeal, the same is by the court ex mero motu not dismissed. Appeal dismissed.

*On Hearing after Opinion of Supreme Court on Certiorari.*

A majority of the Supreme Court hold (108 So. 62[1]), without comment, that the right of appeal in this case exists under section 6078 of the Code of 1923, and our action in

---

dismissing the appeal is reversed and the cause sent back here for consideration on its merits.

Appellant instituted habeas corpus proceedings before one of the judges of the circuit court of Montgomery county to obtain the custody of his grandson, of the age of, to wit, six years. The child was in the charge of its stepfather, against whom the proceedings were instituted. Both the child's father and mother were dead. The proof offered on the trial, on behalf of both appellant (petitioner) and appellee, was in conflict in no substantial, or at least material, particular. It showed that the moral character and general fitness of both appellant and appellee were good. It was disclosed that the child's father, petitioner's son, was, while the said father and his wife were living in the state of Oklahoma near or with petitioner, drafted into the United States Army, where he later died. After the father's entry into the military service, and prior to his death, over a period of some months the child and its mother lived in the home of petitioner, but received their support from money paid to the mother by the government. After the death of the child's father, the mother brought the child back to Montgomery county, Ala., where she married appellee (respondent) and lived with him until her death. To the mother and appellee there were born two children, and at the time of the filing of this petition and the trial, appellee's household consisted of himself, his more or less invalid mother, four children of his by other wives than the mother of the child here involved, the two children by the mother of the child here sued for, and the said child—nine in all. Respondent is a tenant farmer in good circumstances. Appellant's family consists of himself and wife and two children, the uncle and aunt of the child concerned here. It appears that the child receives and will receive from the United States government for some years ample funds for its support, maintenance, and education.

[2] The opinion of the Supreme Court in the case of Murphree v. Hanson et al., 72 So. 437, 197 Ala. 246, seems to be a sufficient guide for our decision. As stated therein, "The rights of the petitioner and the defendant in the petition are secondary in consideration," the welfare of the child being the question of paramount importance.

[3, 4] It is recognized as a general rule that, other things being equal, the relatives of a minor will be preferred to strangers. Murphree v. Hanson et al., supra. Here we think the record shows "other things" to be equal. And we entertain no doubt that, considered as the law requires, the evidence shows without conflict our duty to be to reverse the action of the nisi prius judge, and to award the custody of this child to its grandfather, the petitioner. Again, as said in the Murphree Case, supra, "we think it quite clear, from an examination of the record * * * that the trial court failed to give due consideration to the question of blood relationship, * * * and if it appears that the trial court took an erroneous view of the law as applied to the facts before him," the rule that the judgment of the trial court must have the effect, on review, of the verdict of a jury, is without application.

[5] Although there will be some temporary pain in taking the little child here in question from the home it has known for most of the years of its life, and from the society of its little half-brother and half-sister, yet when we contemplate its chances in the world while being raised in the more or less crowded home of its stepfather, not of its blood, compared to its prospects in the home of its grandfather and grandmother, we are led irresistibly to the conclusion that the trial court reached an erroneous conclusion, and that the petitioner should have been awarded the custody of the child.

The judgment of the court will therefore be reversed, and one will be here entered granting the relief prayed in the petition and awarding the custody of the child to the petitioner.

