James Smith was indicted for the unlicensed carrying of a pistol in a vehicle, in violation of § 13A-11-73, Code of Alabama 1975. Smith filed a motion to suppress, in which he alleged that the police did not have probable cause to stop his vehicle. The circuit court granted Smith's motion, and the City of Attalla filed this appeal
Rule 15.7(a), A.R.Crim.P., provides:
 "An appeal may be taken by the state in a felony case to the Court of Criminal Appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission of other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant."
According to § 13A-11-84, Code of Alabama 1975, the violation of § 13A-11-73 "shall be punishable by imprisonment for any term less than one year or by a fine of not more than $500.00, or both." A misdemeanor is defined as "An offense for which a sentence to a term of imprisonment not in excess of one year may be imposed." Code of Alabama, 1975 § 13A-1-2(3). The violation of § 13A-11-73 constitutes a misdemeanor because the punishment for the violation of this section is imprisonment for less than one year.
Rule 15.7 allows pretrial appeals by the State only in felony cases. There is no provision for a pretrial appeal by the State in a misdemeanor case. Thus, this court is without jurisdiction to entertain this appeal.
While the decision to limit pretrial appeals by the State to felony cases only may have been "deliberate," see H. Maddox,Alabama Rules of Criminal Procedure (1990), p. 455, n. 3, this decision will at times lead to unjust results. For example, if a judge suppresses the results of a blood alcohol test in a DUI case or if he suppresses the evidence obtained as a result of an allegedly illegal search and seizure of a defendant in a misdemeanor possession of marijuana case, the State would have no recourse available by which to have a possibly incorrect judicial decision reviewed by a higher court. There should be no distinction made between the right of the State to appeal an erroneous decision in a felony case or in a misdemeanor case.
However, the rule limits pretrial appeal by the State only to felony cases. Thus, *Page 652 
this cause is due to be, and it hereby is, dismissed.
APPEAL DISMISSED.
All the Judges concur.
BOWEN, J., concurs in result only.