JAMES H. FAULKNER, Retired Justice.
On January 7, 1991, the following complaint against Charles Bonner was filed in the Circuit Court of Baldwin County:
“The State of Alabama, by its solicitor, complains of Charles Lee Bonner in said County and within twelve months before the commencement of this prosecution he did operate a vehicle while intoxicated or under the influence of a narcotic, drug, barbiturate, or marijuana, in violation of Title 33-5-24(b) of the Code of Alabama.”
On October 7, the trial court granted Bonner’s motion to dismiss “because the statute under which the prosecution is based is unconstitutionally vague.” Then, on October 15, the court issued a memorandum opinion holding that § 33-5-24(b), Code of Alabama 1975, was unconstitutional because it was overly broad and vague. Apparently, the trial court issued its written opinion upon being informed that the State intended to file a pre-trial appeal to this court.
The State gave written notice of its pretrial appeal on October 10, 1991. The notice of appeal, however, was not filed with the clerks of the circuit court and the court of criminal appeals until December 18, 1991.
Bonner filed a motion to dismiss the State’s pre-trial appeal on the ground that the appeal was not timely filed pursuant to the Alabama Rules of Criminal Procedure.[1]
Rule 15.7, Alabama Rules of Criminal Procedure provides in part:
“(a) Generally. An appeal may be taken by the state in a felony case to the Court of Criminal Appeals from a pretrial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the district attorney certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge.
“(b) Notice of Appeal; Time for Taking Pre-trial Appeal. The notice of appeal shall be filed both with the clerk of *92 the Circuit court and with the clerk of the Court of Criminal Appeals within seven (7) days after the order has been entered....”
This appeal is dismissed for two reasons. First, the State’s notice of appeal was not filed with the clerk within the time frame of seven days as provided for in Rule 15.7(b), A.R.Cr.P. Cf. State v. Reiner, 530 So.2d 903 (Ala.Cr.App.1988). Second, Rule 15.7(a) provides for a pre-trial appeal by the State only in a felony case. See City of Attalla v. Smith, 596 So.2d 651 (Ala.Cr.App.1992). The pre-trial appeal filed by the State in the instant case is from a judgment in a misdemeanor case. Section 33-5-24(c), Code of Alabama 1975, provides that a person violating the provision of this section shall be guilty of a misdemeanor and upon conviction shall be subject to a $500 fine and/or imprisonment not to exceed six months.
The pre-trial appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.

. When they appeal, counsel are cautioned to state with particularity which rule they rely on instead of just a general statement referenced to the "Alabama Rules of Criminal Procedure,” as was done in this case.