BOWEN, Presiding Judge.
This petition for a writ of mandamus, filed by District Attorney Roy L. Johnson, seeks to compel Circuit Judge J.C. Norton to reinstate six misdemeanor charges against Gene Kelvin Ford that Judge Norton dismissed on October 4, 1993.
The petition is properly before this court because “[t]here is no provision for a pretrial appeal by the State in a misdemeanor case,” City of Attalla v. Smith, 596 So.2d 651, 651 (Ala.Cr.App.1992); therefore, “[m]andamus is the only remedy available to challenge the circuit court’s dismissal of misdemeanor charges pending against a criminal defendant,” Ex parte City of Tuscaloosa, 636 So.2d 692, 693 (Ala.Cr.App.1993).
Gene Kelvin Ford was charged by district court warrant and later by a Uniform Traffic Ticket and Complaint (UTTC), with four misdemeanor traffic offenses: driving under the influence (DUI); speeding; driving without a license; and attempting to elude a police officer. He was also charged only by warrant with two additional nontraffic misdemeanor offenses: assault in the third degree and resisting arrest. All these charges were based on events that occurred on March 18, 1990.
After a trial in the district court on September 6, 1990, Ford was found guilty and was convicted of all six offenses. He appealed his convictions to the circuit court, and the district attorney filed statements of cause of complaint, pursuant to Ala.Code 1975, § 12-22-113, against Ford on the two nontraffic misdemeanor offenses.
At a hearing on October 4,1993, the circuit judge dismissed all six charges against Ford. The DUI charge was dismissed on motion of the assistant district attorney, because of “a substantial break in [the chain] of the delivery of the blood alcohol sample to the lab.” R. 11. The five remaining charges were dismissed when the circuit judge agreed with defense counsel’s argument that the complaints failed to state the offenses with the particularity required by law.
I
The petition is granted with respect to the charges in cases CC-90-43 (assault in the third degree, Ala.Code 1975, § 13A-6-22); CC-90-45 (driving without a license, Ala. Code 1975, § 32-6-1); CC-90-46 (speeding, Ala.Code 1975, § 32-5A-171); CC-90-47 (resisting arrest, Ala.Code 1975, § 13A-10-41), and CC-90-48 (attempting to elude a police officer, § 32-5A-193).
The original instrument charging the offense of third degree assault was the warrant filed in district court. That warrant alleged that Ford “did, with intent to cause physical injury to another person, cause physical injury to James A. Breland by striking James A. Breland with his fists.” The warrant tracked the language of § 13A-6-22(a)(1) and was sufficient to charge the named offense. See Crear v. State, 591 So.2d 530, 533 (Ala.Cr.App.1991). The fact that the district attorney’s statement of cause of complaint, filed pursuant to Ala. Code 1975, § 12-22-113, may have been defective is immaterial. The original district *1268 court warrant was sufficient to give Ford notice of the charges against him. Ex parte Young, 611 So.2d 414, 416 (Ala.1992). The circuit judge erred by dismissing the assault charge.
We do not have before us the district court warrants that were the original charging instruments for the traffic offenses of driving without a license and speeding. However, the UTTC’s issued for those infractions were sufficient to charge the named offenses. “[A] UTTC which is properly issued is sufficient to charge the offense as listed on the UTTC.” Sanders v. City of Birmingham, 542 So.2d 325, 329 (Ala.Cr.App.1988). See Rule 19(D), A.R.Jud.Admin. (“[t]he uniform traffic ticket and complaint ... is hereby approved and declared to be sufficient for each of the offenses listed therein”). The circuit judge erred by dismissing the driving without a license and speeding charges.
The original charging instrument for the offense of resisting arrest was the district court warrant. That warrant alleged that Ford “did intentionally prevent or attempt to prevent James A. Breland, Alabama State Trooper, from [effecting a lawful arrest of himself.” The warrant tracked the language of § 13A-10-41 and was sufficient to charge the named offense. Compare Ex parte Sankey, 364 So.2d 362, 363 (Ala.1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979) (complaint found sufficient despite failure to name officer resisted or his position). The circuit judge erred by dismissing the resisting arrest charge.
We do not have before us the district court warrant that was the original charging instrument for the traffic offense of attempting to elude a police officer. The UTTC issued for that offense, which recited that Ford “[d]id unlawfully operate a motor vehicle ... [by] attempting to elude” was not sufficient to charge the offense set out in Ala.Code 1975, § 32-5A-193:
“Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor.”
Although the UTTC was not alone sufficient to charge the offense defined in § 32-5A-193, Trooper Breland’s affidavit, which was attached to all of the original district court warrants, cured any deficiency and gave Ford notice of the exact charge against which he was required to defend. See Taylor v. State, 589 So.2d 804, 805 (Ala.Cr.App.1991) (complaint in support of arrest warrant, when supplemented by additional facts given to magistrate, satisfied Rule 2.3, A.R.Crim.P., requiring that a complaint “set[] forth essential facts constituting an offense and alleging that the defendant committed the offense”). Trooper Breland’s affidavit recited:
“While on duty on [March 18, 1990], I observed a speeding vehicle on Alabama Highway # 5 in Perry County. I attempted to stop this vehicle. The subject refused to stop and I pursued him to a residence and attempted to arrest him. The subject resisted and a fight ensued. During the scuffle I sustained injuries and the subject was shot.”
The circuit judge erred by dismissing the charge of attempting to elude a police officer.
II
The petition is denied with respect to the charge in case CC-90-44 (DUI, Ala.Code 1975, § 32-5A-191(a)(2)). That charge was dismissed on motion of the prosecutor because of “a substantial break in the [chain] of delivery of the blood alcohol sample to the lab.” R. 11. From the record of the proceedings before us, we can find no indication that the State ever moved the trial court to set aside the order of dismissal and to reinstate the DUI charge.
“Mandamus will not issue to compel a court to do anything that it has not been asked to do.” Wood v. City of Birmingham, 247 Ala. 15, 19, 22 So.2d 331, 334 (1945). “[T]o entitle a relator to a writ of mandamus to compel a judge to set aside an order, it must be made to appear that application had first been made to the trial judge to vacate the order, which is sought to be vacated by the writ of mandamus, or to show such a *1269 state of facts from which a refusal can be conclusively implied.” Ex parte State ex rel. Shirley, 20 Ala.App. 473, 475, 103 So. 68, 69 (1925).
Although the State may have requested the trial court to reinstate the DUI charge, no evidence of such a request has been presented to this Court. A petitioner seeking a writ of mandamus is responsible for supplying the record necessary to an understanding of the matter set forth in the petition. Ex parte Shepherd, 560 So.2d 1089, 1090 (Ala.Civ.App.1990). See Rule 21(a), A.R.App.P., which requires:
“The petition [for writ of mandamus] shall contain ... copies of any order or opinion or parts of the record which would be essential to an understanding of the matters set forth in the petition.”
The petition is granted with respect to eases CC-90-43 (assault in the third degree); CC-91M5 (driving without a license); CC-90-46 (speeding); CC-90-47 (resisting arrest); and CC-91M8 (attempting to elude a police officer), and the trial court is instructed to reinstate these charges against Ford. The petition is denied with respect to case CC-90-44 (DUI).
PETITION GRANTED IN PART AND DENIED IN PART.
All Judges concur.