## Ex parte PRUITT. (6 Div. 554.)

(Supreme Court of Alabama. April 6, 1922.)

**1. Courts ⊜⇒43—Legislature can vest statutory courts with jurisdiction concurrent with chancery or circuit courts.**

Under Const. 1901, §§ 139, 146, 148, 171, the Legislature has the power to vest in courts of statutory creation any of the powers or portions of jurisdiction of the chancery or circuit courts to be exercised concurrently.

**2. Infants ⊜⇒18—Juvenile court held to have concurrent jurisdiction with the circuit court of cases involving custody of minors.**

Under Acts 1919, p. 130, § 5, in vesting the juvenile court with jurisdiction to hear and determine all causes involving custody of minors, it has concurrent jurisdiction with the circuit court to hear or determine all cases involving the custody of minor children.

**3. Courts ⊜⇒37(3)—Objection to jurisdiction held waived.**

Where a suit for the custody of a minor child was transferred by the circuit court to the juvenile court, and without objection the parties appeared in that court, submitted to its assumption of jurisdiction, and allowed the case to go to judgment, they cannot complain of the want of jurisdiction in the premises, as the juvenile court has concurrent jurisdiction with the circuit court in such cases.

Petition by John A. Pruitt for common-law writ of certiorari, directed to the circuit court of Jefferson county, Hon. Dan A. Greene, presiding, sitting in equity, to send up for inspection by this court a certified copy of the record in the case of John A. Pruitt, Complainant, v. Ruth Pruitt, Respondent, filed in that court on June 1, 1921, seeking to obtain a decree awarding to John A. Pruitt custody of their two minor children, with a prayer that upon such inspection this court shall make and enter an order and decree annulling a certain order made by said circuit court in said cause on June 9, 1921, by which the court declined to retain jurisdiction of the cause, and transferred it to the juvenile court of Jefferson county, to be there heard and determined. Petition dismissed.

See, also, 205 Ala. 484, 88 South. 451.

The application here sets out petition filed in the circuit court on June 1, 1921, and the order of transfer which the minute entry recites was made on the submission of the cause for adjudication. It further shows that on August 29, 1921, the petitioner filed a petition and motion in said circuit court in equity, setting said petition of June 1 and said order of June 9, and charging that Acts 1919, p. 130, § 5, pursuant to which said order was made, was unconstitutional and void, in that its subject-matter was not comprehended in the title of the act, and that therefore the order itself was 'coram non judice and void. Wherefore it was prayed that said order be vacated, annulled, and expunged from the record, and that the court proceed to hear and determine the controversy presented by the said petition of June 1, 1921, as to the custody of said minor children. It further shows that said petition and motion of August 29, 1921, was duly heard and overruled on the day it was filed.

Upon the filing of the petition here, Ruth Pruitt filed her petition in this court as intervener, admitting the several proceedings, decrees, and orders set out in the original petition here, and adding the following: (1) That on August 18, 1920, John A. Pruitt filed his petition in the circuit court against her, seeking to be awarded the custody of said two minor children, but that the court decreed against his claim. (2) Dissatisfied with that decree, on May 25, 1921, John A. Pruitt filed a similar petition in the juvenile court, invoking the jurisdiction and remedial action of that court in the premises. (3) Prior to June 1, 1921, said juvenile court dismissed his petition because of the prior proceedings and judgments in the circuit court. (4) Thereupon, on June 1, 1921, said Pruitt filed his petition in the circuit court,

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and it was transferred to the juvenile court on June 9, 1921, as already shown. (5) On July 22, 1921, John A. and Ruth Pruitt appeared before said juvenile court and without objection submitted the cause for adjudication upon an agreed statement of fact, and a decree was rendered therein adverse to John A. Pruitt's contention. The cross-petition then avers that, upon the record shown by the original petition, the question of the validity of the order of June 9, 1921, is res judicata between these parties, and cannot be re-examined by the Supreme Court in this original proceeding, or otherwise than by appeal from the order and decree sought to be annulled, or from the judgment overruling the motion for its vacation.

Smith, Wilkinson & Smith, of Birmingham, for petitioner.

Brief of counsel did not reach the Reporter.

Clark Williams and J. H. Willis, both of Birmingham, for intervener.

The matter was res adjudicata as between the parties. 150 Ala. 475, 43 South. 578; 27 Ala. 228; Cooley, Const. Limit. 79. Appeal, and not certiorari, is the proper remedy. 44 Ala. 333; 2 Spelling, § 1930.

SOMERVILLE, J. Conceding, without deciding, that the order of the circuit court of June 9, 1921, declining to proceed to a determination of the cause therein pending between John A. Pruitt, as petitioner, and Ruth Pruitt, as respondent, and directing that the cause be transferred to the juvenile court of Jefferson county, to be there heard and determined, was in excess of the authority of the circuit court, and therefore null and void; and conceding, also, for the occasion only, that the writ of certiorari is the proper procedure for reviewing and annulling the order in question, if the petitioner were entitled to that relief—we are nevertheless of the opinion that, on the records before us, the relief herein sought must be denied.

The primary contention of counsel for petitioner is that section 5 of the Juvenile Court Act (Gen. Acts 1919, p. 130), in so far as it authorizes the circuit court to decline to exercise its general jurisdiction in respect to the custody of minor children, and to transfer such causes to a juvenile court invested with concurrent jurisdiction thereof, is in violation of those provisions of the Constitution, which establish the chancery jurisdiction in chancery courts, or in other courts of statutory creation and of equal dignity and power, and which, by implication, as argued, guarantee to litigants the right to resort to such courts for the adjudication of their causes arising under the general jurisdiction of equity. See Const. 1901, § 146. Our view of the case, however, renders unnecessary a decision of that question.

[1] The Legislature has the unquestioned power to vest in inferior courts of statutory creation any of the powers or any portions of the jurisdiction of the chancery or circuit courts, to be exercised concurrently with those courts, if the latter are not completely and constitutionally supplanted. Const. 1901, §§ 148, 139, 171; State ex rel. Winter v. Sayre, 118 Ala. 1, 24 South. 89.

[2] Very clearly, section 5 of the Juvenile Court Act invested that court with the jurisdiction to hear and determine all causes involving the custody of minor children, and it therefore had concurrent jurisdiction with the circuit court, in equity, of the subject-matter of the petition of June 1, 1921.

[3] It follows that, if the parties to that proceeding, pursuant to the order of June 9, 1921, consented to its transfer to the juvenile court by appearing in that court, and submitting without objection to its assumption of jurisdiction thereover, and allowing the cause to proceed to judgment, all of which is shown by the certified record of that court, neither party can now complain of any want of jurisdiction in the premises. The court being competent to try the cause, the parties can always waive the absence of formal jurisdiction of their persons and of the particular proceeding by giving their consent thereto in any appropriate way. Woolf v. McGaugh, 175 Ala. 299, 57 South. 754.

Whether the order of June 9, 1921, was valid or invalid at the time it was made, it is clear that it was ratified and confirmed by the conduct of the parties thereafter—as effectually so as if they had consented thereto expressly and contemporaneously in the circuit court. The judgment of the juvenile court, fully clothed with jurisdiction, stands as a valid and binding adjudication of the rights of the parties. Under these conditions, the petitioner herein is not entitled to the relief prayed, and the petition must be dismissed.

Petition dismissed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.