(109 So. 608)

### THOMAS v. STATE. (6 Div. 885.)

(Court of Appeals of Alabama. April 20, 1926. Rehearing Denied Sept. 7, 1926.)

**1. Habeas corpus ⚖113(3).**

Habeas corpus proceedings, under Code 1923, § 4305 et seq., are not reviewable by appeal, under section 6078, relating to final judgments and decrees in civil cases. (Response of Supreme Court to certified questions.)

**2. Habeas corpus ⚖113(1).**

Remedy in absence of statute providing for appeal in habeas corpus proceedings, under Code 1923, § 4305 et seq., is by certiorari, mandamus, or other appropriate remedial writ. (Response of Supreme Court to certified questions.)

**3. Habeas corpus ⚖113(3).**

Appeal does not lie from order of circuit judge in habeas corpus proceedings, under Code 1923, § 4305 et seq., except as provided by section 3238. (Response of Supreme Court to certified questions.)

**4. Infants ⚖18.**

Custody of infants is matter within inherent jurisdiction of chancellors or courts of equity. (Response of Supreme Court to certified questions.)

**5. Habeas corpus ⚖113(3)—Decree in habeas corpus to determine right to custody of infant is appealable, under statute (Code 1923, § 6078).**

Habeas corpus to determine right to custody of infant is civil proceeding to be determined on equitable as well as legal principles, chief being welfare of infant, and decree or order therein is appealable, under Code 1923, § 6078. (Response of Supreme Court to certified questions.)

**6. Bail ⚖49.**

In habeas corpus for bail, application can be renewed in Supreme Court, under Code 1923, § 3368. (Response of Supreme Court to certified questions.)

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition by Jeff, alias J. F. Thomas, for writ of habeas corpus. From the judgment or order denying the writ, petitioner appeals. Appeal dismissed.

For answers of Supreme Court to certified questions, see 109 So. 607.

Pinkney Scott, of Bessemer, for appellant.
Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

In view of the decision, it is not necessary that briefs be here set out.

RICE, J. This appeal is taken from an order of the circuit judge made on appellant's (petitioner's) application for the writ of habeas corpus. Being in doubt as to the proper procedure, this court certified to the Supreme Court certain pertinent questions, which questions and the answers thereto by the Supreme Court are shown in the following opinion by Associate Justice Bouldin:

"Pursuant to section 7311 of the Code, the judges of the Court of Appeals have referred to this court the following questions:

" 'The petitioner in this case files his petition for writ of habeas corpus, under chapter 151 of the Code of 1923, and, from an order denying the relief sought, he appeals to this court.

" 'Upon the general proposition that the remedy by appeal is purely statutory, that the order in a habeas corpus proceeding, under chapter 151 of the Code, was not a final judgment or decree of a court, but is an order or judgment of the judge hearing the petition, and that chapter 151 of the Code, supra, is both exclusive and inclusive, this court held in Ex

parte State re Shirley, 20 Ala. App. 473, 103 So. 68, that an appeal did not lie from an order of the circuit judge in habeas corpus, except as is provided in section 3238 of the Code of 1923. The decision in the Shirley Case, supra, has since been followed by this court.

" 'Subsequent to the decision in the Shirley Case, Mr. Justice Miller in McCarter v. City of Florence, 213 Ala. 367, 104 So. 806, 807, recognizes the limitations in appeals incident to the omissions and changes in section 6245 of the Code of 1907 as revised by the Code commission and now appearing as section 3238 of the Code of 1923, but justifies the appeal under section 6114 of the Code of 1923, applicable alone to judgments, orders, or decree of the judge of probate. Since that decision, Mr. Justice Thomas in Ex parte Tillman (Ala. Sup.) 108 So. 62,[1] has written a very exhaustive and able opinion demonstrating that, in proceedings for the custody of children, chapter 151 of the Code of 1923 has no application, and that an appeal in such proceedings is provided for, as in judgments in civil cases. Concurring in the conclusion reached by Justice Thomas, the majority simply hold that: "The right of appeal exists under section 6078 of the Code of 1923.' "

" 'Under the statute we therefore propound the following inquiries:

" '(a) Is an adjudication in habeas corpus proceedings a final judgment or decree of the circuit court, where the writ is issued in pursuance to chapter 151 of the Code of 1923?

" '(b) If so, is section 6078 of the Code of 1923, broad enough in its scope to provide appeal in such cases?'

"Response.

[1, 2] "Habeas corpus proceedings under chapter 151 of the Code, section 4305 et seq., to inquire into the cause of restraint upon the liberty of the petitioner under a criminal charge or other pretense, have long been held not reviewable by appeal, under section 6078, the general statute relating to final judgments and decrees in civil cases. The remedy, in the absence of statute, is by certiorari, mandamus, or other appropriate remedial writ granted by the appellate court in the exercise of its supervisory power over courts of inferior jurisdiction. Ex parte City Council of Montgomery, 64 Ala. 466; Ex parte Croom & May, 19 Ala. 561; Guilford v. Hicks, 36 Ala. 95; State v. Towery, 143 Ala. 48, 39 So. 309.

[3] "In the Criminal Code of 1896, a new section, 4314, appeared, providing 'any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the Supreme Court,' with added provisions relating to appeals by the state in such cases. This section passed, without change, into the Code of 1907, section 6245.

"In the Code of 1923, section 3238, the quoted provision is stricken out, and the right of appeal limited to the state in case the accused under indictment for a capital offense is admitted to bail. By notes appended to section 3238 it appears the Code commissioner omitted the entire section 6245 of the Code of 1907, upon an expressed doubt of its constitutionality. The Code committee reinserted the section in greatly limited terms. The necessary effect is to restore the law prior to the Code of 1896, except

to the limited effect expressed in section 3238, Code of 1923. We therefore approve the holding of the Court of Appeals in Ex parte State, re Shirley, 20 Ala. App. 473, 103 So. 68.

[4, 5] "The custody of infants is a matter within the inherent jurisdiction of chancellors or courts of equity. A proceeding by habeas corpus is merely a recognized method of invoking the jurisdiction. The purpose of the proceeding fixes its character. It is a civil proceeding involving the rights of rival claimants inter partes, to be determined upon equitable as well as legal principles, chief among equitable considerations being the welfare of the infant. Upon these grounds the decree or order in such cases, although proceeding by habeas corpus, is held appealable, under section 6078. Ex parte Tillman (Ala. Sup.) 108 So. 62;[1] Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

[6] "We note that in habeas corpus for bail application can be renewed in this court, under section 3368, Code 1923.

"All the Justices concur."

Upon the authority of the above response by the Supreme Court, this appeal is dismissed.

Appeal dismissed.

