179 So. 530

### ROSA v. UNDERWOOD.

' 8 Div. 848.

Supreme Court of Alabama.

March 3, 1938.

Louis C. Guidry, of New Orleans, La., and Douglass Taylor and Thos. J. Taylor, both of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

KNIGHT, Justice.

This cause will be reported sub. nom. Louise Underwood Rosa v. Percy Underwood.

The appellant, petitioner in the court below, and the appellee, intermarried in June, 1926, and to this union a girl child was born, which is now about nine years of age.

In September, 1932, the appellee filed a bill in the circuit court of Madison county seeking a divorce from his said wife, and praying for the custody of his child, then of very tender age. On December 8, 1932, the court rendered a decree in favor of the complainant-husband, granting him the divorce prayed for, and awarded the custody of the child to the father, but this decree, as respects the custody of the child, contained this provision: "Provided, however, that said child may remain with her mother and maternal grandfather at Union Springs until December 28th, 1932, and shall be allowed to visit her mother, from time to time, when her mother is with the child's grandfather, J. L. Pittman, at Union Springs, Alabama, upon application being made to this Court from time to time, the case not being closed by this decree as to the custody of said child, and remaining open for such other orders as may be made from time to time, befitting changed conditions or circumstances."

It appears that after the rendition of this decree of divorce, the appellant left the state of Alabama, and took up her residence in New Orleans, La. There she met and married one Joseph J. Rosa, a native of Connecticut, but then living in New Orleans, whether temporarily or permanently the evidence does not disclose.

After the appellant's marriage to Rosa, she applied to Judge Speake, the trial judge, to be permitted to take the child to New Orleans, for a short visit, promising the judge she would return the child to Alabama, and to her father, within an agreed period of time. This she failed to do. The father of the child then wrote, telegraphed, and telephoned the appellant to return the child, but appellant refused to comply with this request, referring appellee to her attorney in Louisiana.

The appellee was then forced to go to Louisiana, and institute habeas corpus proceedings to secure the custody of his child. It was not until the Louisiana court had ordered appellant to deliver the child to her father that her custody was regained.

On the return of the child to Alabama, the court being duly informed of what had occurred in Louisiana, modified its former decree with reference to the custody of the child in the following respect: "The defendant, Louise P. Underwood (now Mrs. J. J. Rosa) is prohibited from having said child visit her, but the said Mrs. J. J. Rosa may see said child at reasonable and con-

venient times, on application to this court, at the home of the child's paternal grandparents, Mr. and Mrs. J. R. Underwood, at Tuscumbia, Alabama, but the said Mrs. J. J. Rosa is prohibited from taking said child from the premises of its said grandparents."

On June 14, 1937, the appellant filed her written petition in the circuit court of Madison county, praying that she be given the custody of the child.

The petition was duly set down for hearing on a day fixed, and much testimony was offered pro and con by the appellant and appellee.

The court, presided over by the late lamented Judge Paul Speake, before whom all the proceedings theretofore had in said cause were heard, rendered a decree denying the prayer of the petition, and dismissing the same.

From this decree the appeal is prosecuted by Mrs. Louise Underwood Rosa, and along with the appeal, the appellant has filed in this court a motion for mandamus, to review the decree appealed from, in the event appeal does not lie.

The court is firmly committed to the proposition that the chancery court exercises a peculiar jurisdiction over the care and custody of a child, which by proper proceedings has become a ward of the court. And this jurisdiction is *continuous during the minority of the child*. Orders and decrees made respecting the care and custody of such a child must, in their very nature, be subject to change to meet conditions and circumstances as they may arise in the future. As respects such an infant, there is no res adjudicata. The very necessities of the case will "keep the decree open for the application of principles of equity and law in the light of the best interest and welfare of the infants. * * * The paramount consideration and guide to the court in the premises is the good of the infant." Porter v. Porter, 216 Ala. 169, 112 So. 646, 647; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Pearce v. Pearce, 136 Ala. 188, 33 So. 883; McGough v. McGough, 136 Ala. 170, 33 So. 860; Hayes v. Hayes, 192 Ala. 280, 68 So. 351; Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Wright et al. v. Price, 226 Ala. 468, 147 So. 675.

The evidence offered by appellant in support of her petition, as well as that offered by the appellee in opposition thereto, has all been carefully considered. It would serve no useful purpose to enter upon a detailed discussion of the same. To do so would again open up an incident in the life of appellant, while the wife of appellee, which should be forgotten if possible. Suffice it to say that the child is now in the custody of her father, and has the loving care and attention, not only of the father but of her two paternal grandparents. She, in fact, is in a home where she has every comfort; she is happy and contented, and enjoying a normal life. The grandparents, in whose home the child is living, are excellent people, of large means, and there is, seemingly, no reason to suppose for a moment that the child will ever lack for the comforts of life. Her education is progressing most satisfactorily.

On the other hand, the mother has remarried. Her husband is absolutely without property of any kind, and is wholly dependent for his support, and that of his wife, the appellant, upon his ability to continue to work. His salary is small. The appellant has no property.

It would, in our judgment, be most cruel to order this child removed from her present comfortable surroundings, and her custody, care, and rearing turned over to a person without means, without a home of her own, and whose daily bread is dependent upon the ability of a husband to keep at work.

The court reached, under the evidence, the only conclusion open to it, and his decree must be affirmed. It is so ordered.

Affirmed, and mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.