26 So.2d 93

WHITFIELD v. SAULSBERRY.

I Div. 252.

Supreme Court of Alabama.
May 9, 1946.

Wm. C. Taylor, of Mobile, for appellee.

**STAKELY, Justice.**

Emmet E. Saulsberry, Sr. (appellee), filed a petition in the Circuit Court of Mobile County, in Equity, for custody of his child, Emmet E. Saulsberry, Jr., a boy aged three years, born to appellee and his wife Lucy Saulsberry, who is now deceased. The petition was filed against Nancy Whitfield (appellant), who is the maternal grandmother of the child. The petition alleges, among other things, that it is to the best interests of the child that it be placed in the custody of petitioner.

Appellant demurred to the petition on the ground in substance that original, exclusive jurisdiction of the matter set forth in the petition, has been given by the legislature to the Juvenile Court of Mobile. The court overruled the demurrer. Hence this appeal.

Pillans, Cowley, Reams & Tappan, of Mobile, for appellant.

The statutes which provide for the Juvenile Court of Mobile and its jurisdiction appear in Section 49 et seq., Title 62, Code of 1940. Section 51, Title 62, Code of 1940, contains the following:

"The juvenile court shall have and exercise original and exclusive jurisdiction except as otherwise provided herein of all actions, proceedings, or causes of whatever kind or character arising under the terms of or the violation of any or all laws in force in said county or arising under the

terms of or for the violation of any ordinance of any incorporated city or town in said county providing for the trial or disposition or involving: The disposition, custody, control, or protection of delinquent, dependent, or neglected children. * * * The juvenile court shall have and exercise in said county all the jurisdiction, functions, powers, and duties possessed and exercised by juvenile courts under the terms of section 170 of title 13, and all provisions of said section applying to juvenile courts shall likewise apply to this court except as herein otherwise provided."

■ It is clear that an error, which is immediately clarified upon comparison of the two sections, has been made in the above quoted portion of section 51 in that the reference should have been to Chapter 7 of Title 13, rather than Section 170, Title 13. The act, as originally passed, refers to those sections of the code of 1923, specifically sections 3528 through 3559, having to do with juvenile courts; the sections contained within Chapter 7 of Title 13, Code of 1940, are the same sections as sections 3528 through 3559 of the Code of 1923. Section 170 of Title 13 has nothing to do with juvenile courts.

Section 350, in Chapter 7, Title 13, Code of 1940, defines a dependent child as follows:

"For the purposes of this chapter the words 'dependent child' shall mean any child, who, while under sixteen years of age, for any reason, is destitute, homeless, or is dependent on the public for support; or who is without a parent or guardian able to provide for his support, training and education; or whose custody is the subject of controversy. * * *"

Section 351, in Chapter 7, Title 13, Code of 1940, contains the following:

"* * * The court, as to such dependent, neglected, and delinquent children, shall have and exercise the jurisdiction and power possessed by equity courts in this state; but shall not have power to adjudicate any matter or make any order affecting any property rights of such children. Nothing contained herein shall deprive courts of general jurisdiction of the right

to determine the custody of children upon writs of habeas corpus, or the right to determine the custody of children when custody is incidental to the determination of causes pending in such courts. * * *"

■ We accordingly construe the statutes, supra, dealing with the Juvenile Court of Mobile in connection with the aforesaid provisions taken from Chapter 7, Title 13, Code of 1940.

In Ex parte Pruitt, 207 Ala. 261, 92 So. 426, 427, this Court had before it the Juvenile Court Act (General Acts 1919, p. 128) with provisions therein substantially similar to the statutory provisions now before us. With reference to a petition for custody of a minor child this court said:

"The Legislature has the unquestioned power to vest in inferior courts of statutory creation any of the powers or any portions of the jurisdiction of the chancery or circuit courts, to be exercised concurrently with those courts, if the latter are not completely and constitutionally supplanted. Const.1901, §§ 148, 139, 171; State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89.

"Very clearly, section 5 of the Juvenile Court Act invested that court with the jurisdiction to hear and determine all causes involving the custody of minor children, and it therefore had concurrent jurisdiction with the circuit court, in equity, of the subject-matter of the petition of June 1, 1921."

■ The Circuit Court of Mobile County, in Equity, has the inherent power and jurisdiction to determine questions relating to the custody of minor children. Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730. Under Section 171 of the Constitution of 1901, "the Legislature shall have the power to abolish any court, except the Supreme Court and the Probate Courts, wherever its jurisdiction and functions have been conferred upon some other court." Section 171 of the Constitution of 1901 "merely expressed the purpose to make complete the power of the Legislature over the existence of those courts by explicitly giving it the right to abolish them entirely, provided their jurisdiction and functions are conferred on some other court." Lee v. Elba

Drug Co., 3 Ala.App. 570, 58 So. 58, 60, approved by this court in State ex rel. Ham v. Brock, Clerk, 180 Ala. 505, 61 So. 646.

In the case at bar the Circuit Court of Mobile County, in Equity, has not been "completely and constitutionally supplanted" by the aforesaid statutes providing for the Juvenile Court of Mobile, and therefore has concurrent jurisdiction in the matter before us with the Juvenile Court of Mobile. Ex parte Pruitt, supra. Since the Circuit Court of Mobile has assumed jurisdiction with reference to the petition before us, it has the exclusive right to exercise such jurisdiction so far as the pleadings in the case now indicate, there being nothing in the bill to show prior jurisdiction in the Juvenile Court of Mobile. Ex parte Burch, 236 Ala. 662, 184 So. 694; Minor v Thomasson, 236 Ala. 247, 182 So. 16; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202.

The court was not in error in overruling the demurrer.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.