34 So.2d 685

### STIFFLEMIRE v. WILLIAMSON.

### 2 Div. 235.

Supreme Court of Alabama.

April 8, 1948.

T. G. Gayle, of Selma, for appellee.

Wilkinson & Wilkinson, of Selma, for appellant.

SIMPSON, Justice.

The appeal challenges a decree of modification of an original divorce decree, rendered July 30, 1943, wherein the custody of the two minor children of the parties was awarded to the father, Leslie Stifflemire, appellant here.

The decree of modification, entered February 19, 1947, revoked the original award committed to the father, with the right of reasonable visitation, etc., of the mother, and gave custody to the mother, appellee here, during the school months of September, October, November, December, January, February, March, April, and May of each year, and to the father for the vacation months of June, July, and August of each year, with the right respectively of the two parents for reasonable visitation when the children should be residing with the other parent.

This court, in consultation, has given serious consideration to the recorded facts and the decree of the learned trial judge thereon, but is unable to discern a meritorious basis on which such a drastic modification decree can be rested. The original award of custody in the divorce decree was at the request of appellee and acquiesced in by her for more than three years and until the children had reached the approximate age of six and nine years. The appellee had so acquiesced in this status that the children finally did not recognize her as their mother, but spoke of the second Mrs. Stifflemire as their real mother. It is true that both parties have since remarried and that appellee is now better situated to undertake the custody of her children than when the divorce decree was granted. Nevertheless, we are not reasonably persuaded that the conditions have so changed as to warrant such a radical modification of the custody award. It is clear enough to our minds that the father's home, to which the children were committed by agreement of the parties as expressed in the divorce decree, was and is the best arrangement for the children during the school months and, indeed, there is nothing in this record to indicate that the modification decree giving the custody to appellee for this period could possibly redound to their better welfare. We think the proven facts and the inferences reasonably arising therefrom support a contrary conclusion. A mere recitation of the respective situations of the parties, we think, will suffice to sustain our view. There is nothing against the character of the parties or the reputations of the two homes. The father's home is in a respectable residential section of Montgomery, in near proximity to one of the city grammar schools, which the older child had been attending while living with him and which, presumably, the younger child could now attend should their custody be committed to appellant during the school terms. The father's home is a five-room house, with modern conveniences, consisting of three bedrooms, kitchen and bathroom, and is now occupied only by his mother, his wife, and himself. He is employed by a railroad company at a salary of $300 a month.

As against this status, the appellee is residing with her husband in a five-room home of his mother, where another son is also living. There are only three bedrooms in this home too, which is presently occupied also by the appellee's two children. This house apparently has no modern conveniences, such as toilet and plumbing facilities, and if the children attend school they must attend one in Linden, about seven miles distant, and be transported there by school bus. The husband is employed by Lone Star Cement Company at a salary of $150 a month. No question is raised about the contentment of the children in staying in either home. The second Mrs. Stifflemire loves them and wants them in her home, as is the expressed attitude of Mr. Williamson also. The whole case considered, it appears rather conclusively to us that the best interests of the children would require their custody during the school period to be vested in the father, where their health, general welfare, and educational advantages would be better served by living with him in Montgomery, where the available facilities are shown to be better for their comfort and education during this period of the year than in the home occupied by their mother.

The trial court was perhaps induced to enter such a decree on the theory of the prima facie right of the mother to the custody of a child of tender years (Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392), but we think the instant case is controlled by the principles discussed in Greene v. Greene, 249 Ala. 155, 30 So.2d 444, where we reaffirmed the proposition that "courts disfavor oft-repeated, harassing litigation over the custody of infants. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580." (30 So.2d at page 446), and where it was further noted that a parent may forfeit the prima facie right to the custody of a child by conduct; that relinquishment of such custody and continued acquiescence therein are matters to be considered by the court in determining the welfare of the child, and that a former decree of a court of competent jurisdiction awarding custody of a child

to one of two contesting parents, though not res judicata, is entitled to weight in later proceedings, the burden being on the parent seeking a change of custody to substantiate the position on some reasonable ground.

The Greene Case also gave approval to the following statement of the Supreme Court of Virginia (Stringfellow v. Sommerville, 95 Va. 701, 29 S.E. 685, 40 L.R.A. 623) which is here pertinent: "Where a parent has transferred to another the custody of his infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless he can show that a change of the custody will materially promote his child's welfare." (30 So.2d at p. 445)

■ We are impressed, from the record, that the appellee has not reasonably established her right to the award entered, in the light of the governing rules of law here adverted to. Though, on a review of such a proceeding, we will give due weight to the conclusion of the trial court on such an issue, the testimony having been heard in open court, we are impelled to the view that the decree of modification failed to give proper emphasis to the law controlling such situation and that herein lies the error in the decree. The testimony was without substantial dispute and as has heretofore been pointed out in the adjudged cases, the decree of the trial court is due for correction where the court "has erred, not so much in conclusions of facts, as in the application of the governing principles of law, and in such a case our responsibility is to adjudicate the cause in this light." Fort v. Fort, 246 Ala. 83, 85, 18 So.2d 870, 872; Greene v. Greene, supra; Chandler v. Whatley, 238 Ala. 206, 189 So. 751; White v. White, 247 Ala. 405, 24 So.2d 763; Payne v. Payne, 218 Ala. 330, 118 So. 575, 576.

■ Some dissatisfaction in the matter of visitation is indicated in appellee's testimony, but this was a matter which could have been readily remedied by an application to the court which has full authority in the premises. We are not impressed that this contended impediment, if so, could alleviate her long acquiescence in the original status, her continued absence from her children, and their consequent estrangement toward her, as would warrant the modified award. We may also add that should such trouble of visitation arise in the future, immediate redress is available to the aggrieved party by appropriate application to the trial court. Greene v. Greene, supra.

Our conclusion, therefore, is that the decree of the lower court, from which this appeal arises, should be modified, giving the custody of the two children to the father during the school months of September, October, November, December, January, February, March, April, and May, and to the mother for the vacation months beginning in June, 1949, after the then current school term is closed, with the right of reasonable visitation by the parents, respectively. The cause is accordingly remanded to the court below for an appropriate modification of the decree to this end, except that custody shall remain with the mother until the close of school about June 1st next and thereafter with the father until school ends about June, 1949, with the right of reasonable visitation of the parents, respectively.

The costs of court here and below should be shared equally between the parties and it is so ordered.

Reversed and remanded, with instructions.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.