42 So.2d 489

### LYNN et al. v. WRIGHT.
#### 4 Div. 536.

Supreme Court of Alabama.
March 31, 1949.

J.W.Brassell, of Phenix City, for petitioners.

A. L. Patterson, of Phenix City, opposed.

LAWSON, Justice.

The decision of the Court of Appeals is predicated on the conclusion reached by that court that appeals in all habeas corpus cases must be taken and perfected in accordance with the terms and provisions of § 369, Title 15, Code 1940.

But this court held in Thomas v. State, 215 Ala. 1, 109 So. 607, that appeals could be taken in habeas corpus proceedings wherein the custody of minor children is involved under the provisions of § 6078

of the Code of 1923, which is § 754, Title 7, Code 1940. In Thomas v. State, supra, it was said:

"The custody of infants is a matter within the inherent jurisdiction of chancellors or courts of equity. A proceeding by habeas corpus is merely a recognized method of invoking the jurisdiction. The purpose of the proceeding fixes its character. It is a civil proceeding involving the rights of rival claimants inter partes, to be determined upon equitable, as well as legal principles, chief among equitable considerations being the welfare of the infant. Upon these grounds the decree or order in such cases, although proceeding by habeas corpus, is held appealable, under section 6078. Ex parte Tillman, supra, [Tillman v. Walters, 214 Ala. 71, 108 So. 62]; Thomas v. Thomas, 212 Ala. 85, 101 So. 738." 215 Ala. 2, 109 So. 608.

Since the appeal in the instant case involved the custody of a minor child, we are of the opinion that the Court of Appeals erred in holding that the appeal must be dismissed because it was not perfected in accordance with the requirements of § 369, Title 15, Code 1940. As pointed out in Thomas v. State, supra, the appeal in such a case may be taken properly under the provisions of § 754, Title 7, Code 1940, which section relates to appeals in civil cases.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.