48 So.2d 771

### EDWARDS v. SESSIONS.

### 6 Div. 19.

Supreme Court of Alabama.

June 22, 1950.

Rehearing Denied Nov. 30, 1950.

Norris & Soroka, of Birmingham, for appellant.

Norman K. Brown and Bumgardner & Hawkins, of Bessemer, for appellee.

STAKELY, Justice.

This is a proceeding instituted by Mrs. Viola Edwards (appellant) against Mrs. W. H. Sessions (appellee) for the custody of Jewell Viree Edwards, a little girl three years of age. The child is the daughter of appellant and at the time these proceedings were instituted was in the custody of the appellee. The witnesses testified orally before the court and the court thereupon awarded custody to the appellee. The appeal here is from that decree. We fully recognize the advantage which the trial court has from its contact with the litigants and the witnesses to reach a proper conclusion and so we are reluctant to come to a conclusion at variance with the finding of the lower court, but there are some things which seem to us to be of such importance as to cause us to reach a different result.

Mrs. Viola Edwards is a young woman and is the mother of the child involved in these proceedings and also is the mother of another child about one year old. At the outset of the events involved in this suit the mother was living with her husband and these two children in a flat in Bessemer, Alabama. The father appears to have had little regard for his parental responsibilities and failed utterly to provide for the wants of his family. He is now in the penitentiary. Without income or means of support of any kind this family became destitute and practically without food. The mother under these circumstances became desperate in her efforts to make provision for her children and adopted the expedient of getting others to give aid. Her sister-in-law was a waitress at a grill in Bessemer and one night she left Jewell with her sister-in-law, with a promise to return in a short time. The appellee here is the proprietress of this grill and in this way came in contact with the child. At this point the mother did a foolish and tragic thing. She left town and for about two weeks could not be found. When the mother was found she and her husband who had been away from his family in Chattanooga, Tenn., agreed to give possession of the child to appellee with the understanding that the appellee would institute adoption proceedings. We think there can be no doubt that the mother was actuated to do what under the circumstances appeared to her at the time to be best for the child. We say this because after such proceedings were instituted, the mother did what she could to have such proceedings discontinued. Tendencies of the evidence show that the mother made the grievous mistake of keeping what appears to be bad company and through this period undoubtedly neglected her child.

But we think that the situation has perhaps changed for the better. The mother and father of Mrs. Viola Edwards live in Birmingham and they have decided to come to the rescue of their daughter and her children. The father and mother are now offering her a place of refuge in their home which they did not do previously on account of the presence of appellant's husband. Conditions in their home will be crowded because in a four room house not only will the mother and father be present but there will also be living there appellant's brother with his wife and child.

We come now to the evidence which is not referred to by the court in its decree but which we think should have serious consideration. Mrs. Roxie Craig, who is Supervisor of the Welfare Department, testified that her investigation of the situation showed that the mother had a real love and affection for her children and showed

tenderness toward her children. She testified that in her opinion from the investigation which had been made Mrs. Edwards showed that she was now becoming a good and proper mother to have the custody of her child. Mrs. Eloise Pullian, a welfare worker in the Department of Public Welfare, testified that from her investigation she considers that Mrs. Edwards is a fit and suitable person to have the custody of the child. Mrs. Marilou Baker, Probation Officer for the Juvenile Court, testified that she had investigated the conditions of the home where Mrs. Edwards is now living and found it clean, neat and in good order. She considers the financial status of the family to be adequate, although the house will be "a little crowded." She found that Mrs. Edwards is part-time employed which, together with the earnings of the father and brother, would take care of the family. Her investigation further showed that Mrs. Edwards appeared to love her child and to want her child. Other witnesses testified to the good character of the mother. Other witnesses also testified to the good character of appellee.

The appellee since having the child in her custody has undoubtedly done well by the child. She has fed the child and clothed her properly and seen to it that the child has received adequate medical attention. Her financial status is considerably better than that of the mother and the mother's family. According to appellee's testimony she has an income now since the death of her husband of about four to five hundred dollars per month.

■ We are faced with the situation as to whether a little girl three years of age should be taken from her natural mother and given to a woman who is no blood relation to the child and who has only known the child for a short time. The mere fact that the appellee is able to better furnish the necessities for the child and the child's material welfare and prospects in life might be bettered thereby is not a sufficient ground for taking a child from the natural love and affection which a mother has for the child. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Fort v. Fort, 246 Ala. 83, 18 So.2d 870. The mother has made mistakes, grievous mistakes, but this should not be sufficient to take the child from the mother if the mother shows indications of becoming a good mother and is presently able reasonably to care for the child. Knowles v. Knowles, 246 Ala. 228, 20 So.2d 200; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202. We do not doubt that the appellee is now fond of the child but what will her attitude be towards the child in the months and years to come? We think that from this standpoint it is better to risk the love and affection of a mother. Fort v. Fort, supra; Chandler v. Whatley, supra; Denney v. State, 249 Ala. 459, 31 So.2d 328.

■ So, reluctant as we are to disagree with the trial court, we enter a decree awarding the custody of Jewell Viree Edwards to Mrs. Viola Edwards, her mother, pointing out however that this finding is in no sense a final decree and should time develop that the mother is not a suitable person to have her child, the courts will be quick to consider the case further. Murphree v. Hanson, 197 Ala. 246, 72 So. 437. There is some reference in the record to adoption proceedings in the Probate Court. The decree here entered has precedence over any order entered in the adoption proceedings. Praytor v. Cole, 247 Ala. 259, 23 So.2d 713.

Reversed and rendered.

BROWN, FOSTER and LAWSON, JJ., concur.

### On Rehearing

■ It is urged for the first time on application for rehearing that the appeal must be dismissed on the theory that this court is without jurisdiction because the appeal was not taken within the time required by § 369, Title 15, Code of 1940. Since this is a habeas corpus proceeding the position is taken that the appeal should be taken within 30 days from the rendition of the decree in the lower court. The decree was entered in the lower court on December 16, 1949. Security for costs of appeal was filed and approved on February 1, 1950.

The appeal in the present case involves the custody of a minor child and so can

properly be taken under the provisions of § 754, Title 7, Code of 1940, which relates to appeals in civil cases. Lynn et al. **v.** Wright, 252 Ala. 106, 42 So.2d 489.

Application overruled.