53 So.2d 366

**ROLEY v. REEVES et al.**

**1 Div. 440.**

Supreme Court of Alabama.

May 17, 1951.

Rehearing Denied June 28, 1951.

T. Watrous Garrett, Grove Hill, and Scott & Porter, Chatom, for appellant.

Paul S. Jones, Grove Hill, for appellees.

BROWN, Justice.

The original bill filed by appellant Zeola Roley July 7th, 1950, against appellees sought to have the custody of J. E. Jackson aged ten years and Carl Jackson aged seven years, minor sons of the complainant awarded to her. The appellees are the sister and brother-in-law of the deceased father of said minors, J. C. Jackson, who met death by drowning July 3, 1950.

The defendants answered denying the allegations of the bill that the best interest of said children would be subserved by a change of their custody, alleging in substance that J. C. Jackson, now deceased, obtained a divorce from the complainant on January 11, 1946, on the ground of abandonment and in the decree of divorce the custody of said children was awarded to him and that he with said children up until his second marriage, a short time before his death, lived in the home of the defendants, which was also the home of Jackson's mother, the grandmother of these boys.

At the time said divorce was granted to Jackson he was in the army and prior to the divorce the complainant, by a declaration in writing signed by her, abandoned the custody of said children, one three years of age and the other a baby eleven months old, to her sister-in-law Mrs. Reeves, one of the respondents.

There is no evidence reflecting on the character or reputation of either of the parties but the evidence clearly goes to show that the defendants live in the country and maintain a good home in a good settlement and accord every advantage to said children and that they are happy in said home.

After hearing the voluminous evidence *ore tenus* the court entered a final decree; reserving jurisdiction over said minors, awarding the custody and control of the children to their mother (the complainant) from the date of the decree on August 16, 1950, until the 3rd of September, 1950, with the condition, "In the event the said Zeola Roley wishes to carry these children beyond the State of Alabama, she shall execute prior to conveying them beyond the lines of the State of Alabama, a bond in the sum of one thousand dollars payable to the register in equity of the Circuit Court of Clarke County, Alabama, conditioned upon the faithful return of these children to the jurisdiction of this Court when called upon by the Court to do so. Failing to execute this bond, she shall not have the right to carry them beyond the lines of the State of Alabama."

From the 4th of September, 1950, the custody of said minor children is awarded to the defendant Katie Reeves, until the

84

closing of the public schools of Clarke County in the spring of 1951 and thereafter to complainant upon the execution of said bond.

It is well settled that in proceedings for the custody of minor children the paramount consideration is the welfare of the children and as a general rule divided custody which tends to frustrate the affection and love of the child is not to be approved. There is nothing so dear to childhood as love, affection and tender care which goes to mold character at an early age and remains a blessed memory through life. Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130; Payne v. Payne, 218 Ala. 330, 118 So. 575; Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Stifflemire v. Williamson, 250 Ala. 409, 34 So. 2d 685.

After due consideration we are not able to affirm error in the decree dealing with the custody of said children and it will be affirmed and the cause is remanded to the circuit court so that it may exercise its reserved jurisdiction.

Affirmed and remanded.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.