54 So.2d 288

Ex parte INGALLS.

6 Div. 211.

Supreme Court of Alabama.

June 14, 1951.

Rehearing Denied Oct. 18, 1951.

Chas. W. Greer and Francis H. Hare, Birmingham, for petitioner.

Beddow & Jones and G. Ernest Jones, Birmingham, for respondent.

SIMPSON, Justice.

This is an original proceeding in this court praying that a writ of mandamus issue to the respondent circuit judge with the object of having him set aside an order requiring a party to answer interrogatories propounded by his adversary.

Before stating the question for decision, we will relate the facts superinducing the proceeding: In 1947 Eleanor Ridgely Flick Ingalls filed suit for divorce against Robert I. Ingalls, Jr. The final decree rendered in June of that year granted the divorce as prayed and, among other things, fixed the custody of the two minor children of the parties in accordance with an agreement made and filed in the cause. The children were placed in the custody of their father during the school months and in the custody of their mother during vacation period. Though not necessary, jurisdiction was specifically retained for future control of the custody of the children.

In 1950 Ingalls, defendant in the divorce action, filed a petition seeking modification of the decree to the end that he be given exclusive custody of the children. By way of answer Mrs. Ingalls, original plaintiff, filed what is denominated a cross-petition, *inter alia*, seeking herself full and complete custody of the children. Both petitions are grounded upon alleged changed conditions affecting the welfare of the children. After filing her "cross-petition," Mrs. Ingalls filed interrogatories to Mr. Ingalls, pursuant to Equity Rule 39, Code 1940, Tit. 7, Appendix. On failure of the original petitioner to answer such interrogatories, the cross-petitioner applied to the respondent circuit judge for an order compelling petitioner to answer. Such an order was entered by the judge, calling on petitioner to make answer by a date stated. Thereupon petitioner filed a motion to vacate said order. The respondent judge overruled the motion and this petition for mandamus was presented to this court.

The single question presented is: When a final decree has been entered granting a divorce, and one of the parties to that suit thereafter files in the cause a petition to modify the decree in so far as it fixes the custody of minor children, is either party entitled to propound and require the other party to the original action to answer written interrogatories?

Solution of this question, it is agreed, depends upon an interpretation of Equity Rule 39, Code 1940, Title 7, Appendix, p. 1084, which as pertinent is as follows:

"Examination of parties by each other. (a) Defendant May Examine Plaintiff. If a defendant wishes to examine a plaintiff touching the subject-matter of the bill, or his defense, he may, before or after filing his answer, exhibit interrogatories to such plaintiff, which must be answered under oath within thirty days after service, unless otherwise ordered by the Court; and upon his failure to answer within the time allowed, the bill must be dismissed as to such plaintiff, with costs, unless the time to answer the interrogatories is extended. But filing such interrogatories does not extend the time for answering the bill.

"(b) Plaintiff may examine defendant. If a plaintiff wishes to examine a defendant, after filing his bill, he may exhibit interrogatories to such defendant, which must be answered under oath within thirty days after service, unless otherwise ordered by the Court; and on his failure to answer them within such time, the Court may, by attachment, compel him to answer them, or may render a decree granting appropriate relief to the plaintiff against such defendant, or may extend the time for such answers to be made. But filing such interrogatories does not extend the time for answering the bill."

The respondent judge by answer to the rule and in able brief takes the position that Section (b) of Rule 39, supra, clearly sustains the right of Mrs. Ingalls to propound interrogatories and the action of the respondent in requiring their answer. The basis of this conclusion is that Mrs. Ingalls, being the *plaintiff* in the original suit for divorce, was, by the rule, afforded the right

to propound interrogatories to her adversary *after the filing of her bill*. Further, it is pointed out that the original bill for divorce vested the circuit court with jurisdiction over the children named in the bill during the period of their infancy, and over each of the parties to said bill for divorce so far as it was necessary to exercise such jurisdiction to protect and promote the welfare of said children, which jurisdiction is exclusive and continuous, citing Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Porter v. Porter, 216 Ala. 169, 112 So. 646, among others.

■ Without question, the court of equity, having once obtained jurisdiction over the minor children, relative to their care and custody, retains such jurisdiction during their infancy. Rosa v. Underwood, 235 Ala. 447 (1), 179 So. 530. But this, in our opinion, does not answer the question posed. It is to be borne in mind that there was at common law no right of one party litigant to propound interrogatories to his adversary and have answers thereto enforced—this, of course, being distinguished from the right to file a bill for discovery. The right is purely statutory, and being in derogation of the common law, statutes giving the right are to be strictly construed. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903. See, also, on the general subject, our recent case of City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378.

That Equity Rule 39 is statutory in nature cannot be successfully questioned. It is an adaptation of § 7764, Code of 1923 now Code of 1940, Title 7, § 477, which, prior to adoption of the rule, embraced both suits at law and in equity, and of Code 1923, § 6570; and equity rules now appearing in the appendix to Vol 2, Title 7, of the Code of 1940, were formulated and adopted under statutory authorization. General Acts 1935, p. 177.

■ The construction sought to be placed upon the rule, that the right to file interrogatories on the part of the plaintiff after filing the bill inheres so long as jurisdiction remains in the circuit court for any purpose, is untenable. The word "after," we think, as here used could only embrace a period of time up to the rendition of the final decree. We think it requires no argument that the rule did not intend to grant such a right after the final decree, the logical purpose of the interrogatories being to discover evidence which, along with other evidentiary matter, should form the basis of the decree.

■ The rule uses the term "bill." That the petition filed by the original respondent, Ingalls, is not a bill is self-evident; and so of the cross-petition filed by Mrs. Ingalls. A petition for modification of a decree as to alimony or custody of minors in a divorce suit is *sui generis*. It is an instrument of equity, designed to effectuate justice with respect to such matters, and is dependent upon changed conditions. It cannot be used to inquire into conditions existing prior to the final decree of divorce. White v. White, 247 Ala. 405, 24 So.2d 763. The proceeding to modify the provision of the final decree as to custody was initiated by Ingalls' *petition,* not by a "bill." Mrs. Ingalls' pleading thereto was not a cross-bill, but merely a counter-petition. We have held that such a pleading, not partaking of the character of a bill in equity, cannot be made the predicate of a decree pro confesso. Ex parte Lavender, 207 Ala. 666, 93 So. 661.

■ It follows as our conclusion that the filing of interrogatories by Mrs. Ingalls was unauthorized and, hence, that the respondent judge was without authority to compel answer by the party interrogated. The writ of mandamus will therefore issue to the respondent, requiring him to vacate and set aside the order in question, unless, on being informed of this opinion, he shall voluntarily do so.

■ While the conclusion we have reached is rested upon the reasons hereinabove stated, namely, that the right of a party to file interrogatories to his adversary in connection with the bill does not extend to a party interposing a petition to modify the final decree entered in the cause, yet we deem it not out of place to advert to some incidental considerations. First, the

burden of proof rests upon him who moves for a modification to satisfy the court by clear evidence that a change in the circumstances, conduct or conditions of the parties, to the detriment of the children's welfare, warrants a change in the provisions made by the decree. Second, the court is in no wise lacking in power to direct the production of evidence on the part of either party which will disclose to the court the conditions, as they exist, surrounding the custodial situs of the children involved. In all such proceedings the question of custody rests at last upon the determination of wherein lies the best interest of the children, the conflicting parental rights being secondary in importance. It is for the court— as their omnipotent guardian—to order such custodial arrangement as best subserves their interests, upon satisfactory evidence of changed conditions as would warrant it.

Writ granted conditionally.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.

BROWN, Justice (concurring specially).

I am not in sympathy with the statement in the foregoing opinion that when a court of equity assumes jurisdiction of infants its jurisdiction continues until they reach their majority. A better statement of the rule can be found in the following cases: Midgley v. Ralls, 234 Ala. 685, 690, 176 So. 799; Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816.