90 So.2d 825

**May Davis SNEAD**

v.

**Herbert DAVIS et ux.**

**8 Div. 802.**

Supreme Court of Alabama.

Nov. 15, 1956.

Smith & Moore, Guntersville, for appellant.

No attorney marked for appellees.

No attorney for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the circuit court denying and dismissing a petition addressed to the judge of the circuit court for a habeas corpus, whereby petitioner sought to have awarded to her the custody of five minor children. By a previous decree of the court, said children had been awarded to Hubert Davis, their father, in a decree granting him a divorce from this petitioner on the ground of voluntary abandonment, not resisted by her. That decree was rendered August 9, 1954. The instant petition alleged that Hubert Davis died March 6, 1955, and appellees, Mr. and Mrs. Herbert Davis, have taken over the custody of the children. Herbert Davis is said in brief to be a brother of Hubert Davis. The circuit court denied and dismissed the petition for the reason as stated in the decree that it appears that the Juvenile Court of Marshall County has been given jurisdiction of this matter. We find nothing in the record to support that

statement, and appellees have not furnished us with a brief indicating how the circuit court in equity lost, or why it does not retain, the jurisdiction assumed in the decree of divorce.

■ An appeal is the proper method of reviewing the judgment since it is a final judgment and appealable under Sec. 754, Title 7 (not under Sec. 369, Title 15, as amended, Cum.Pocket Part, Code 1940). Edwards v. Sessions, 254 Ala. 522, 48 So. 2d 771; Lynn v. Wright, 252 Ala. 106, 42 So.2d 489; Thomas v. State, 215 Ala. 1, 109 So. 607.

### On the Merits

■ The court of equity which awarded the custody of the children to Hubert Davis, their father, was in the exercise of its inherent powers, and a modification of that decree is also the exercise of that power. This power is often invoked by a petition for habeas corpus presented by one parent against the other. The purpose of the proceeding fixes its character. It is immaterial how the power of the court is invoked, if the facts sufficiently appear, and appropriate relief is prayed for. Thomas v. State, supra; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Lynn v. Wright, supra.

■ The petition here is addressed to the court which rendered the divorce decree and awarded the custody of the children, and, in effect, seeks a modification of that decree, or a redetermination, in respect to the custody of the children. That court has the inherent right to modify that decree or redetermine custody, based upon the occurrence of events subsequent to the decree, or some other substantial reasons which are sufficient to justify such modification. The court having assumed jurisdiction and made the award in the divorce decree, its power and authority continues during the minority of the children, each respectively, and no other court can exercise it. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580;

Wright v. Price, 226 Ala. 468, 147 So. 675; Rosa v. Underwood, 235 Ala. 447, 179 So. 530; White v. White, 247 Ala. 405, 24 So. 2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Stifflemire v. Williamson, 250 Ala. 409, 34 So.2d 685; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Wren v. Stutts, 258 Ala. 421, 63 So.2d 370; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835; Vinson v. Vinson, 263 Ala. 635, 83 So.2d 215; 8 Ala.Digest, Divorce, ⊜302–303, Cum.Pocket Part, Code of Alabama 1940.

■ The death of Hubert Davis does not affect the power of the court of equity which has assumed jurisdiction over the custody of the minors. They have become the wards of the court, and its power to control their custody is without the necessity of having before the court other persons than those who would be affected by its order. No person has a personal enforceable interest as of a property right. No one has succeeded to the right of the custody of the children on account of the death of the father, Hubert Davis. No property interest is involved. His death merely serves to enlist the duty of that court of equity to make other provision for the children's custody. This can be done, as here sought, by habeas corpus, which is but one means of bringing it to the attention of the court.

Section 351, Title 13, Code of Alabama 1940, confers on the juvenile courts of the state "as to such dependent, neglected, and delinquent children, * * * the jurisdiction and power possessed by equity courts," but "nothing contained herein shall deprive courts of general jurisdiction of the right to determine the custody of children upon writs of habeas corpus, or the right to determine the custody of children when custody is incidental to the determination of causes pending in such courts. Such courts of general jurisdiction may, however, decline to pass upon such questions of custody or to issue such writs and may certify said questions or writs to the juvenile court for hearing and determination."

In the case of Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93, the court was dealing with an act applicable to Mobile,— Title 62, Sec. 51, Code 1940—which adopted the jurisdictional powers, etc., possessed by juvenile courts under Chapter 7, Title 13. In that case, Emmet Saulsberry filed a petition in equity for the custody of his minor child. It was filed against the maternal grandmother (the mother of the child was dead). The grandmother demurred to the petition on the ground that exclusive jurisdiction was given by the legislature to the juvenile court of Mobile. On appeal from a decree overruling the demurrer, this court relied on the opinion in Ex parte Pruitt, 207 Ala. 261, 92 So. 426, in substance, that the juvenile court had concurrent jurisdiction with the circuit court, in equity, over the custody of minor children, and that the court first assuming jurisdiction has the exclusive right to exercise it. There was nothing to show that the juvenile court had exercised prior jurisdiction.

In the Pruitt case, supra, the circuit court, with the consent of the parties, had transferred to the juvenile court a proceeding to determine the custody of a minor child. It was contended that to authorize the transfer from equity conflicted with the constitutional power of a court of equity. But the court declined to consider that question since the parties had consented to the transfer, and the legislature had the power to create a court with concurrent jurisdiction, and the consent to the transfer was a waiver of objection to the method of that court acquiring jurisdiction.

In the instant case, the circuit court in equity had the question of custody of the children for hearing and determination as an incident to the divorce proceeding. We doubt the power of the equity court to decline to pass on the question of the custody of minor children when it arises incidentally in a divorce proceeding between the parties involved. We do not find where it has ever been done in this state. And when in such suit the equity court awards the custody of minors to one of the parties, that award is conclusive until it is changed by the court. Any subsequent change of the custody is properly in the form of a modification of that decree by the court which made the award. Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Scott v. Scott, 247 Ala. 598, 25 So.2d 673; Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835.

We believe that the current of our cases indicates a purpose to limit the power to modify a decree of the equity court awarding the custody of minors, so that only the court which made the award can subsequently modify it based upon changed conditions.

In the instant case, there does not appear to have been any order to transfer the cause to the juvenile court, nor an effort to obtain such an order. The recital in the judge's order in this case indicates a conclusion that the juvenile court has been given 'exclusive jurisdiction of such matters. We have shown that such is not a proper interpretation of the statutes.

It is our view that the equity court should hear and determine the petition here presented as one to modify the decree previously rendered. It results that the decree is reversed and the cause remanded.

Reversed and remanded.

GOODWYN, MERRILL and SPANN, JJ., concur.