MOORE, Judge,
concurring in part and dissenting in part.
When a circuit court awards custody of a child to a grandparent over the objection of a natural parent, it may do so only based upon an express finding that the parent is unfit to exercise custody of the child. Ex parte Terry, 494 So.2d 628, 632 (Ala.1986). In its final judgment, the trial court awarded custody of the parties’ old *321 est child to the children’s maternal grandparents after they had exercised pendente lite custody of that child for over two years. Hence, the trial court’s finding that the mother was unfit was a necessary part of its judgment, regardless of the fact that the maternal grandparents testified that they were not petitioning for custody. In other words, the ultimate disposition of the custody of the oldest child made this more than “a custody dispute between the father and the mother,” as the main opinion concludes. 61 So.3d at 318.
That being said, I agree with the main opinion’s conclusion that, at the time of the trial, the mother was not an unfit parent. I note that the unfitness of a parent sufficient to deprive that parent of his or her custody of a child must be proven by clear and convincing evidence. Terry, supra. That evidence must show that, at the time of the custody disposition, the parent lacks the ability or willingness to properly care for the child. See J.W. v. T.D., 58 So.3d 782, 793 (Ala.Civ.App.2010) (Moore, J., dissenting) (noting that a finding of unfitness equates to a finding that a parent is unable or unwilling to discharge his or her parental responsibilities to and for the child); and Stocks v. Stocks, 49 So.3d 1220, 1236 (Ala.Civ.App.2010) (Moore, J., concurring in part and dissenting in part) (noting that the unfitness of a parent must be adjudged as of the time of the custodial disposition) (citing Ex parte Phillips, 266 Ala. 198, 200, 95 So.2d 77, 79 (1957); Edwards v. Sessions, 254 Ala. 522, 524, 48 So.2d 771, 772 (1950); and Borsdorf v. Mills, 49 Ala.App. 658, 661-62, 275 So.2d 338, 340-41 (Civ.App.1973)). Hence, this court will affirm a judgment finding a parent unfit only if the evidence in the record reasonably could have clearly convinced the trial court that that parent was currently unable or unwilling to properly parent the children. Stocks, 49 So.3d at 1236 (Moore, J., concurring in part and dissenting in part). I agree with the main opinion that the evidence proved that the mother may have once been unfit — during her relationship with her drug-abusing paramour — but that she had since rehabilitated so that she was no longer unable or unwilling to discharge her parental responsibilities to and for the children. Accordingly, I agree that that part of the judgment awarding custody of the oldest child to the maternal grandparents is due to be reversed.[4]
The mother had obtained custody of the two younger children by virtue of a prior, valid custody judgment, which custody she had not voluntarily forfeited. Thus, the trial court could have awarded the father custody of the younger children only based on the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), which the main opinion correctly summarizes. 61 So.3d at 320. Although a finding of unfitness of the custodial parent is not required in order for a noncustodial parent to meet the McLendon standard, a noncustodial parent can prove that the custodial parent has, since the last custody judgment, become unfit as a means of meeting the first prong of the McLendon standard, i.e., that a material change of circumstances has occurred. See, e.g., H.J.B. v. P.W., 628 So.2d 753, 754 (Ala.Civ.App.1993). The burden remains, however, on the noncustodial parent to prove the remaining elements of the McLendon standard.
*322 In finding the mother unfit, the trial court could have, and probably did, determine that a change of circumstances had occurred since the entry of the last custody judgment. However, that change of circumstances had become immaterial by the time of trial because the mother had rehabilitated herself so that her past conduct was no longer determinative of her current fitness as a parent. At the time of the trial, the mother showed virtually the same capacity to parent the children as she had displayed at the time of the entry of the last custody judgment, or the father at least failed to show any material change in her parenting ability that persisted at the time of trial. Hence, the trial court could not have relied on the mother’s unfitness to satisfy the first prong of the McLendon standard.
Our caselaw holds that when a judgment omits express findings of fact that are not required by law, this court will ordinarily assume that the trial court implicitly made those findings necessary to support its judgment. See, e.g., McCormick v. Ethridge, 15 So.3d 524, 529 (Ala.Civ.App.2008). In this case, the trial court made findings of fact. Those findings, however, do not support its judgment. I agree with the main opinion that the trial court did not find any additional facts that would have justified a change of custody under the McLendon standard. See Ramsey v. Ramsey, 995 So.2d 881, 891-93 (Ala.Civ.App.2008) (Moore, J., dissenting) (arguing that, when a trial court voluntarily makes specific findings of fact to support its judgment, this court must presume the trial court relied on only those findings of fact when entering that judgment). I further conclude that the record does not contain any evidence that would support a change of custody under the McLendon standard.
Based on the foregoing analysis, I agree that the judgment should be reversed, but I see no reason to remand the case. Without evidence of a material change of circumstances existing at the time of trial, the trial court would have no discretion to modify custody at all. In my opinion, a reconsideration of the evidence in light of the McLendon standard could produce only one legally valid result — a denial of the father’s petition for modification of custody. Hence, I believe this court should simply reverse the judgment and render a judgment for the mother. Because the main opinion remands for the trial court to reconsider the case, I respectfully dissent.

. I also note that, at the time of the trial, the mother was residing with the maternal grandparents. By awarding custody of the oldest child to the maternal grandparents, the trial court placed the child in the home in which the mother was residing and, presumably, where the mother exercised authority over the child. Therefore, the legal custody arrangement created by the judgment would have, in all likelihood, resulted in the mother exercising de facto custody of the child.